UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WATTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JULIE FRITCHER AND DOES 1-10,<br><br>　　　　Defendants. | No. 1:17-CV-01020-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AND DENYING AS MOOT DEFENDANT'S MOTION TO SET ASIDE DEFAULT<br><br>(Doc. Nos. 8, 9) |

On September 9, 2017, plaintiff in this matter filed a document styled as an "Application for Entry of Default." (Doc. No. 8.) Upon review of the filing it is apparent plaintiff specifically seeks entry of a default judgment under Federal Rule of Civil Procedure 55(b)(2). (*Id.* at 1.) However, no default has been entered in this case by the Clerk of the Court, which is a necessary step prior to the court entertaining a motion for a default judgment. *See Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998) ("As default has not been entered against [the defendant], the entry of default judgment would be inappropriate. The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court."); *see also Smith v. Woodward*, No. C 06-0103 JF(PR), 2008 WL 2477382, at *1 (N.D. Cal. June 18, 2008); *ADP, Inc. v. Willits Motors of Susanville*, No. CIV S-07-2439 LEW DAD, 2008 WL 480009, at *1 (E.D. Cal. Feb. 19, 2008) ("Put another way, 'an entry of default is a prerequisite to a default judgment under Rule 55(b).'") (quoting *Lee v. Bhd. of Maint. of Way*

1

*Emps.*, 139 F.R.D. 376, 380 (D. Minn. 1991)). Plaintiff's application for entry of default judgment (Doc. No. 8) is therefore denied as premature. Moreover, defendant's motion to set aside the default, filed September 27, 2017 (Doc. No. 9), is denied as moot, as no default has yet been entered that must be set aside.

IT IS SO ORDERED.

Dated: **October 24, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE