UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JULIE FRITCHER and DOES 1-10,<br><br>    Defendants. | No. 1:17-cv-01020-DAD-JLT<br><br>SECOND ORDER DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT<br><br>(Doc. No. 13) |

On October 25, 2017, this court issued an order denying plaintiff's prior motion seeking entry of default judgment because plaintiff had neither sought nor obtained a clerk's entry of default judgment. (Doc. No. 12.) Shortly thereafter, on October 28, 2017, plaintiff filed a document seeking a clerk's entry of default. (Doc. No. 13.)[1]

The Clerk of the Court is to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a clerk's default has been entered, either the Clerk of the Court or the court itself, depending on the circumstances, may then enter a default judgment. *See* Fed. R. Civ. P. 55(b); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)

---

[1] Plaintiff's "application/motion" was mistakenly docketed as a "motion for entry of default judgment." (Doc. No. 13.) On review, the filing clearly requests a clerk's entry of default and is not a motion for entry of default judgment brought under Federal Rule of Civil Procedure 55(b)(2).

1

(holding that where there has been an appearance but not a response from the adverse party, the district court and not the Clerk must enter judgment). Default judgments are generally disfavored and courts should seek to reach the merits of a case whenever reasonably possible. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016); *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).

Here, it would be inappropriate for the Clerk to enter a default as the party against whom default is sought, defendant Fritcher, filed an answer in this action on September 6, 2017. (Doc. No. 7.) Plaintiff objects to the manner of service of the answer because, as plaintiff's counsel declares, "[o]n August 5, 2017[2] a package was dropped off at my address," purporting to be the answer, which was not signed and lacked a proof of service. (*See* Doc. No. 13 at ¶ 3.) Under this court's Local Rules, attorneys using the CM/ECF system are served documents electronically upon filing and generation of the Notice of Filing, which constitutes service under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. *See* L.R. 135. Notwithstanding the effectiveness of the service on September 5, 2017, therefore, the answer was certainly served by the very next day, September 6, 2017. Moreover, the answer filed on the court's docket is signed. (*See* Doc. No. 7 at 17.) Entry of default would therefore be inappropriate here, especially considering the fact that defendant is proceeding pro se and in light of the fact that default judgments are strongly disfavored. *See NewGen, LLC*, 840 F.3d at 616; *In re Hammer*, 940 F.2d at 525; *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *Franchise Holding II, LLC v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

Accordingly, plaintiff's request for a clerk's entry of default (Doc. No. 13) is denied.

IT IS SO ORDERED.

Dated: **November 14, 2017**

UNITED STATES DISTRICT JUDGE

---

[2] It appears likely that plaintiff's counsel meant to declare that this occurred on September 5, 2017, since defendant had not yet been served on August 5, 2017. (*See* Doc. No. 5.)