UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD WATTERSON,

Plaintiff,

v.

JULIE FRITCHER,

Defendant.

No. 1:17-cv-01020-DAD-JLT

ORDER DISMISSING ACTION WITHOUT PREJUDICE

(Doc. Nos. 27, 28)

On July 31, 2017, plaintiff Leonard Watterson commenced this action against defendant Julie Fritcher, alleging violations of 25 C.F.R. §§ 162.106(a) and 163.29, common law trespass, nuisance, and conversion. (Doc. No. 1 ("Compl.").) On May 29, 2018, plaintiff moved for summary judgment. (Doc. No. 20.) The court denied that motion on August 16, 2018, and at the same time issued an order to show cause directing plaintiff to state in writing why plaintiff's claims should not be dismissed, why judgment should not be entered in favor of defendant, and why plaintiff should be granted leave to amend his complaint. (Doc. No. 27.) On August 25, 2018, plaintiff responded to that order to show cause. (Doc. No. 28.)

**A.    Amendments to the Complaint**

The court's order to show cause found the allegations in plaintiff's complaint to be deficient in several respects. As relevant here, the court noted that plaintiff's causes of action brought under 25 C.F.R. §§ 162.106(a) and 163.29 appeared wholly irrelevant to the factual

1

allegations contained in the complaint, which pertain to ownership of a parcel of land.  In this regard, 25 C.F.R. § 162.106(a) concerns agricultural leases, while 25 C.F.R. § 163.29 concerns Indian forestry programs.  The court accordingly instructed plaintiff to show cause why these claims should not be dismissed for failure to state a claim.  (Doc. No. 27 at 11–12.)  In response to the court's order, plaintiff explained that these causes of action were erroneously included in the complaint and are not at issue in this case.  (Doc. No. 28 at 5.)  The court construes this explanation as a motion to amend the pleadings under Federal Rule of Civil Procedure 15.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005) (noting that when a plaintiff seeks to withdraw some—but not all—of its claims against a defendant, a court should construe that as a motion to amend the pleadings rather than as a request for voluntary dismissal under Rule 41).

The court's order to show cause also noted that plaintiff's claims for trespass, nuisance, and conversion appeared to be barred by the applicable statutes of limitations.  Plaintiff does not directly dispute this in his response to the court's order.  Indeed, in his response plaintiff's counsel states that plaintiff is "amenable to dismissing the claims related to nuisance and conversion." (Doc. No. 28 at 6.)  As with the claims under 25 C.F.R. §§ 162.106(a) and 163.29, the court interprets this statement as a motion to amend the complaint so as to withdraw the claims for nuisance and conversion.

A plaintiff may amend the complaint once as a matter of course within 21 days after service.  Fed. R. Civ. P. 15(a)(1)(A).  If the complaint requires a responsive pleading, a plaintiff may amend the complaint 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).  In all other circumstances, a plaintiff must obtain the defendant's consent or leave of the court to amend the complaint.  Fed. R. Civ. P. 15(a)(2).  Here, defendant filed an answer on September 6, 2017.  (Doc. No. 7.)  Because more than 21 days have passed since defendant filed her answer, plaintiff must obtain consent or leave of the court to amend the complaint.  (*See* Doc. No. 7.)

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Nevertheless, leave to

amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp.*, 274 F.R.D. 272, 276 (N.D. Cal. 2011). "Absent prejudice, there is a presumption under Rule 15(a) in favor of granting leave to amend." *Serpa*, 318 F. Supp. 2d at 870 (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Here, granting plaintiff's motion to amend would obviously not result in prejudice to the opposing party because plaintiff seeks to withdraw causes of action rather than to add new ones. *See Hells Canyon Pres. Council*, 403 F.3d at 690 ("It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment."). The court similarly finds that the amendments proposed by plaintiff are not sought in bad faith, would not produce an undue delay in litigation, and are not futile. Construing plaintiff's response to the order to show cause as a motion to amend the complaint, plaintiff's motion will be granted, and this case will now proceed solely on plaintiff's trespass claim. (*See* Doc. No. 28 at 6) (stating that even with dismissal of all other claims, this case could still proceed to trial on the sole claim of trespass).

**B.     Failure to Exhaust**

The court next considers whether plaintiff has exhausted his tribal remedies prior to commencing this action. In the order to show cause, the court noted that plaintiff had not demonstrated that he had exhausted all tribal remedies available to him and directed him to show cause why this case should not be dismissed in its entirety for that reason. (Doc. No. 27 at 11.)

/////

3

In his response, plaintiff states that he exhausted all tribal remedies available to him. (Doc. No. 28 at 4.)

"Principles of comity require federal courts to dismiss or to abstain from deciding claims over which tribal court jurisdiction is colorable, provided that there is no evidence of bad faith or harassment." *Wilson v. Horton's Towing*, 906 F.3d 773, ___, 2018 WL 4868025, at *3 (9th Cir. 2018); *see also Marceau v. Blackfeet Housing Auth.*, 540 F.3d 916, 920–21 (9th Cir. 2008) (observing that exhaustion of tribal remedies is "mandatory" so long as there is a claim "over which tribal court jurisdiction is 'colorable'"); *Crawford v. Genuine Parts Co., Inc.*, 947 F.2d 1405, 1407 (9th Cir. 1991) (deference generally owed to tribal courts except "when the disputed issue is not a 'reservation affair' or did not 'ar[i]se on the reservation'") (quoting *Stock West Corp. v. Taylor*, 942 F.2d 655, 660 (9th Cir. 1991)); *Burlington N. R.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1244 (9th Cir. 1991) ("[B]oth the Supreme Court and this circuit have held that non-Indian defendants must exhaust tribal court remedies before seeking relief in federal court, even where defendants allege that proceedings in tribal court exceed tribal sovereign jurisdiction."). Courts recognize four exceptions to this exhaustion requirement:

> (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) the action is patently violative of express jurisdictional prohibitions; (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction; or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by [*Montana v. United States*, 450 U.S. 544 (1981)].

*Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200 (9th Cir. 2013). Failure to exhaust "is not a jurisdictional bar, but rather a prerequisite to a federal court's exercise of its jurisdiction." *Id.* (citing *Burlington N. R.R. Co.*, 940 F.2d at 1245 n.3). If exhaustion is lacking, "a district court may exercise discretion in choosing between a stay of proceedings or dismissal pending exhaustion of tribal remedies." *Burlington N. R.R. Co.*, 940 F.2d at 1245; *see also Marceau*, 540 F.3d at 921 (directing the district court to stay the action, rather than dismissing it, "[b]ecause of the lengthy course of [the] litigation").

Here, neither party appears to dispute that the Tribe has at least "colorable" jurisdiction over plaintiff's claim. In this regard, whether tribal jurisdiction is colorable depends on whether

plaintiff's claim "bears some direct connection to" tribal land. *Wilson*, 2018 WL 4868025, at *5 (quoting *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1135 (9th Cir. 2006)). The connection to tribal land here is obvious: the dispute in this case concerns ownership of a parcel of tribal land, and the dispute is between two tribal members. *See Smith*, 434 F.3d at 1131 (noting that "tribes retain legislative and adjudicative jurisdiction to provide for disposition of reserved lands and to regulate activities on those lands"). Thus, tribal jurisdiction over this dispute is colorable, at the very least.

Because tribal jurisdiction is colorable, plaintiff is required to exhaust his tribal remedies unless one of the four exceptions outlined above applies. *See Grand Canyon Skywalk Dev., LLC*, 715 F.3d at 1200. Three of the four exceptions to the exhaustion requirement are inapposite. There is no contention that tribal jurisdiction is being invoked for purposes of harassment or is otherwise being conducted in bad faith. This action also does not appear to violate any express jurisdictional prohibitions of which the court is aware. The fourth exception is similarly inapplicable because this case does not concern the conduct of non-Tribal members. This leaves the third exception, under which the plaintiff must demonstrate that exhaustion of tribal remedies would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction.

In this vein, plaintiff avers that he should be excused from the requirement of exhausting his tribal remedies because "exhaustion would be futile as there is no authority or mechanism to provide Plaintiff the relief he seeks." (Doc. No. 28 at 5.) In particular, plaintiff contends that exhaustion is futile because the Lone Pine Tribe lacks an enforcement mechanism, such as a police department, with the ability to enforce a judgment should one be obtained at the tribal level. (*Id.* at 4.)

Plaintiff provides no authority for the proposition that a lack of an enforcement mechanism provides an adequate basis for the court to find that exhaustion of tribal remedies would be futile. Such an argument appears contrary to settled precedent. The relevant question is not whether a hypothetical judgment in plaintiff's favor could be enforced; rather, the question is whether "competent law-applying bodies" exist to resolve plaintiff's claims. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 66 (1978); *see also Lewis v. Norton*, 424 F.3d 959, 962 (9th Cir. 2005)

("The issue is . . . whether tribal forums exist that could potentially resolve the plaintiffs' claims."). Moreover, these forums need not be judicial in nature—tribal councils have been repeatedly recognized as adequate forums in which to resolve disputes in the first instance. *See Lewis*, 424 F.3d at 962 (recognizing the Tribal Council and the General Council as competent law-applying bodies); *Burlington N. R.R. Co.*, 940 F.2d at 1247 (finding that a district court erred in failing to dismiss or stay federal proceedings pending exhaustion of tribal administrative remedies); *Russ v. Dry Creek Rancheria Band of Pomo Indians*, No. C 06-03714 CRB, 2006 WL 2619356, at *3 (N.D. Cal. Sept. 12, 2006) ("It does not matter that the Tribal Council is not a judicial body, nor does it matter that the remedy available to the Plaintiffs is administrative in nature."). Plaintiff's argument that an enforcement mechanism is required for the exhaustion requirement to be triggered is both unsupported by authority and unpersuasive.[1]

Plaintiff acknowledges the existence of the Lone Pine Tribal Council, but fails to explain what steps he has taken (if any) to have his claim heard and resolved by that tribal body. Plaintiff states cryptically that he "has approached" the Lone Pine Tribal Council, and that while the Council is "sympathetic" to his case, it has taken no action in response. (Doc. No. 28 at 4.) An affidavit submitted in support of plaintiff's motion for summary judgment is similarly vague, stating merely that plaintiff "has made numerous attempts to evict [defendant]" from the property in question. (Doc. No. 26 at 12.) Based upon plaintiff's representations to the court, it is not at all clear whether any competent law-applying tribal body has attempted to resolve this dispute between plaintiff and defendant.[2] Indeed, this case demonstrates the wisdom of requiring individuals such as plaintiff to exhaust their remedies prior to filing suit, because doing so necessarily generates a record for the district court to review. *See Middlemist v. Sec'y of U.S.*

---

[1] In the event one of the parties to this action obtains a tribal judgment in its favor and seeks to enforce it, federal courts routinely recognize and enforce such judgments under principles of comity. *See generally Wilson v. Marchington*, 127 F.3d 805, 809 (9th Cir. 1997).

[2] In her answer filed in this case, defendant refers to the Lone Pine Paiute-Shoshone Local Committee. (Doc. No. 7 at 16.) Although her statement is not entirely clear, it appears that this body is distinct from the Lone Pine Tribal Council, and may be in the process of resolving the instant dispute.

6

*Dep't of Interior*, 824 F. Supp. 940, 946–47 (D. Mont. 1993), *aff'd sub nom. Middlemist v. Babbitt*, 19 F.3d 1318 (9th Cir. 1994). The court concludes on these facts that plaintiff has failed to carry his burden of demonstrating exhaustion of tribal remedies. *See Attorney's Process & Investigation Servs., Inc. v. Sac & Fox Tribe of The Mississippi In Iowa*, 401 F. Supp. 2d 952, 962 (N.D. Iowa 2005); *Takes Gun v. Crow Tribe of Indians*, 448 F. Supp. 1222, 1227 (D. Mont. 1978) (holding that where the status of an administrative remedy is unclear, "the responsibility falls upon the plaintiffs to demonstrate that either no administrative remedies exist, or that the existing remedies have been exhausted").

The remaining question is whether the court should stay these proceedings to permit plaintiff to exhaust his tribal remedies or, alternatively, if it should dismiss the action without prejudice. While there does not appear to be a precise test to be applied in resolving this question, the Ninth Circuit has indicated that where the litigation has been "lengthy," the district court should stay the action rather than dismissing it without prejudice. *Marceau*, 540 F.3d at 921. Such concerns are absent here. This case has been pending for slightly over a year, but a review of the docket indicates that little, if any, discovery has occurred. (*See* Doc. No. 18.) Accordingly, the court finds that the most prudent course is to dismiss this action without prejudice. If plaintiff is able to satisfactorily demonstrate to the court that he has exhausted tribal remedies or, alternatively, can demonstrate that exhaustion of such remedies would be futile, he may refile this action.

For these reasons,

1. This action is dismissed, without prejudice, for failure to exhaust tribal remedies; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 8, 2018**

UNITED STATES DISTRICT JUDGE